# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOLLI WRICE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00663-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Holli Wrice's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also before the Court is Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 7) to Withdraw as Attorney for Ms. Wrice  The petitioner and the government were provided 30 days to respond to the motion to withdraw and petitioner has filed a timely response (Doc. 9).

1. **Background.**

On April 7, 2011, Ms. Wrice pleaded guilty to one count of armed bank robbery and one count of the use of a firearm during a bank robbery. *See USA v. Wrice*, 10-cr-40065-JPG, Doc. 41. She was sentenced on July 7, 2011, to imprisonment for 346 months, five years of supervised release, a $200 special assessment, and restitution of $14,428.00. *See USA v. Wrice*, 10-cr-40065-JPG, Doc. 58.

Ms. Wrice filed her § 2255 motion on June 17, 2016, based *Johnson v. United States*, 135 S. Ct. 2551 (2015) and this Court appointed her counsel. Petitioner's counsel has filed an *Anders*[1] brief and has requested to withdrawn stating that the Supreme Court's holding in *Beckles v United States*, 137 S.Ct. 886 (2017) renders Petitioner's motion meritless.

---

[1] *Anders v. California*, 386 U.S. 738 (1967). Counsel could put forth no non-frivolous arguments.

2. **Standard.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

3. **Analysis.**

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the career offender ("CO") residual clause to support CO status, thereby increasing the guideline sentencing range, was also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges. *Beckles v. United States*, 137 S.Ct. 886, 894 (2017). This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an

2

appropriate sentence within the statutory range." *Id.* *Beckles* eliminates the petitioner's argument that she is entitled to § 2255 relief under *Johnson*.

Petitioner's § 2255 motion also put forth a claim that her 18 U.S.C. § 924(c) Illinois conviction was not a second conviction for the purposes of an enhanced sentence as there was no intervening arrest between her Missouri 924(c) conviction and her Illinois 924(c) conviction. Petitioner's counsel addressed this argument in her motion to withdraw and noted that this claim, "is unaffected by the *Johnson* decision and is outside the one-year filing time period."

The Court agrees. An individual seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where a petitioner does not appeal her criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v.*

3

*United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011); *cf. Clay v. United States*, 537 U.S. 522, 524-25 (2003) (affirmed conviction becomes final for § 2255 purposes when time for filing a petition for a writ of *certiorari* expires).

Ms. Wrice was sentenced on July 7, 2011 and did not file a notice of appeal. Pursuant to Rules of Appellate Procedure 4(b), a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment. Judgment in Ms. Wrice's criminal case was entered on July 13, 2011 – requiring that her motion under § 2255 be filed by July 29, 2011.

Ms. Wrice filed a response to her counsel's motion to withdraw stating that she, "does have a viable Johnson claim that should be retroactive due to the petitioner filing was pending and was in the Court prior to the June 26, 2016 deadline." (Doc. 9 at 1). She also states that her Johnson claim, "henges [sic] on the fact that the petitioner's fifth (5th) amendment right to due process was violated." (Doc. 9 at 2). Ms. Wrice goes on to make several arguments with regard to the sentencing guidelines, but none of Ms. Wrice's arguments have merit.

The Court acknowledges that Ms. Wrice's petition under *Johnson* was timely filed; however, as stated above, the Supreme Court's decision in *Beckles* renders Ms. Wrice's *Johnson* claim meritless. As to the remainder of her claims, "[b]ecause the classification of this conviction is unaffected by *Johnson*, § 2255(f)(3) does not grant [defendant] a fresh window to file a collateral attack." *Stanley v. U.S.*, 827 F.3d 562, 565 (7th Cir. 2016). The remainder of Ms. Wrice's claims are unaffected by *Johnson* and are therefore time barred.

4. **Certificate of Appealability.**

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United

4

States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. Wrice has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Ms. Wrice may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

5. **Conclusion.**

Accordingly, the Court **GRANTS** Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 7) to Withdraw and **DENIES** Petitioner's Motion (Doc. 1) § 2255 Motion. This matter is **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to enter judgment in this matter. Finally, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 6/8/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**